AKERMAN LLP
Mark Riera (SBN 118238)
email:  mark.riera@akerman.com
Haley C. Greenberg (SBN 307475) *(Application for admission to be filed.)*
email:  haley.greenberg@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

AKERMAN LLP
T. Todd Pittenger, Esq. (*pro hac vice* petition to be filed)
email:  todd.pittenger@akerman.com
London L. Ott, Esq. (*pro hac vice* petition to be filed)
email:  london.ott@akerman.com
420 South Orange Avenue, Suite 1200
Orlando, FL 32801-4904
Phone: (407) 423-4000
Facsimile: (407) 843-6610

Attorneys for Defendant
SYSCO CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIT'L PEPPER GOURMET, INC., Individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO CORPORATION and DOES 1 through 20,<br><br>Defendants. | Case No. **'17 CV 1232 L    BLM**<br><br>[San Diego Superior Court case no. 37-2017-00017406-CU-BT-CTL]<br><br>**DEFENDANT SYSCO CORPORATION'S NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, defendant Sysco Corporation ("Sysco") hereby removes this action from the Superior Court of the State of California for the County of San Diego, Central Division ("San Diego Superior Court") to the United States District Court for the Southern District of California, showing the following as grounds therefor:

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## Compliance with the Procedural Requirements for Removal

1.    Sysco has been named as the sole named defendant in the action styled *Lit'l Pepper Gourmet, Inc. v. Sysco Corporation and Does 1 through 20*, pending as Case Number 37-2017-00017406-CU-BT-CTL in the Superior Court of the State of California for the County of San Diego, Central Division (the "State Court Action").

2.    Plaintiff, Lit'l Pepper Gourment, Inc. ("Plaintiff") filed the Complaint in the State Court Action (the "Complaint") on May 12, 2017.

3.    Plaintiff served the Complaint on Sysco on May 18, 2017.    *See* Declaration of Pittenger, ¶2.

4.    In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), Sysco files this Notice of Removal within thirty (30) days of service of the Complaint.  Id., ¶3.

5.    In accordance with 28 U.S.C. § 1446(a), Sysco attaches true and correct copies of all process, pleadings, and orders served on it in the State Court Action as **Composite Exhibit "A."**  *See* Declaration of Pittenger, ¶2 attached as Exhibit "D."

6.    Promptly after filing this Notice of Removal, Sysco will give written notice of the removal to plaintiff through its attorneys of record in the State Court Action, as well as to the Clerk of the Court in the State Court action, as required by 28 U.S.C. § 1446(d).

7.    This case properly may be removed to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441(a), and 1453. The San Diego County Superior Court is located within the jurisdiction of the United States District Court for the Southern District of California.

8.    As set forth below, removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because this case alleges (a) a class action, (b) with proposed classes containing 100 or more members in the aggregate, (c) in which the plaintiff is a citizen of a state

that is different from Sysco, and (d) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**Citizenship of the Parties**

9.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).  "[I]n practice," a corporation's nerve center should "normally be the place where the corporation maintains its headquarters."  *Id.*  "The public often (though not always) considers it the corporation's main place of business."  *Id.* at 93.

10.     According to the Complaint, plaintiff is a California corporation located in San Diego, California. Compl. ¶ 6. [1]

11.     Sysco is incorporated in the State of Delaware.  *Id.* ¶ 7.

12.     Sysco has its principal place of business in Houston, Texas.  *Id.* ¶ 7. Specifically, its headquarters are located in Houston, Texas.

13.     Pursuant to the *Hertz* nerve center test, plaintiff has its principal place of business in San Diego, California.  Specifically, its headquarters are located in San Diego, California.

_____

[1] In its Complaint, Plaintiff merely alleges that it is a California corporation; Plaintiff does not allege where it has its principal place of business.  Plaintiff's most recent Annual Reports—filed with the Florida Secretary of State on October 28, 2016 and May 9, 2013—reflect that San Diego, California is Lit'l Pepper's current principal place of business.  Plaintiff's two most recent Annual Reports—filed in 2013 and 2016—are attached hereto as **Composite Exhibit "B."**  <u>*See*</u> Declaration of Pittenger, ¶4.

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**SYSCO CORPORATION'S NOTICE OF REMOVAL**

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

14.     Pursuant to the *Hertz* nerve center test, Sysco has its principal place of business in Houston, Texas.   Specifically, its headquarters are located in Houston, Texas.

15.     The Complaint seeks relief on behalf of the following putative class:

> All entities who reside in California who paid Sysco a "Fuel Surcharge" from four years before filing of this action to the date of class certification.

*Id.* ¶ 9.

16.     Thus, there is diversity of citizenship between the named plaintiff and members of the putative class (California), on the one hand, and Sysco (Delaware and Texas), on the other hand.

## Compliance with the Procedural Requirements for Removal

17.     Under the Class Action Fairness Act of 2005 ("CAFA"), a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2) and 1453. For the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18.     Where a complaint does not specify the amount of damages sought—as in plaintiff's Complaint—the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

19.    In support of an allegation that the amount-in-controversy threshold is satisfied, a removing defendant may submit specific factual details—including declarations and affidavits—to support its contentions.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'") (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

20.    Plaintiff purports to bring this action as a class action under California law.  *See* ¶¶ 9, 28, and 36.  California of Civil Procedure Section 382 pertaining to class actions is similar to Federal Rule of Civil Procedure 23.  The State Court Action thus constitutes a "class action."  *See* 28 U.S.C. § 1332(d)(1).

21.    At least minimum diversity exists because the named plaintiff is a citizen of a state different than Sysco.  *See* 28 U.S.C. § 1332(d)(2).

22.    The amount in controversy exceeds $5,000,000, exclusive of interest and costs.  The Complaint alleges plaintiff and members of the putative class paid a "Fuel Surcharge" that bore no relation to Sysco's actual fuel costs.  *See, e.g.,* Compl. ¶ 2 ("The 'Fuel Surcharge' bears absolutely no relation to Sysco's actual increased fuel costs (or its actual fuel costs) and Sysco does not use the proceeds from the 'Fuel Surcharge' to offset its increased fuel costs (or its actual fuel costs);" *id.* ¶ 20 ("[T]he 'Fuel Surcharge' is unrelated to Sysco's actual or increased fuel costs, and is not charged to defray those increased costs.").  Plaintiff alleges instead that the Fuel Surcharge is a hidden rate increase designed to generate profit. *See, e.g., id.* ¶ 2 ("Sysco uses the 'Fuel Surcharge' simply to generate extra profit at its customers' expense, all the while deceiving customers into believing that the fee is a legitimate charge directly related to actual increased fuel costs it incurs[.]"); *id.* ¶ 20 (alleging that the "Fuel Surcharge" "is recognized as revenue and contributes directly to Sysco's profit."); *id* ¶ 23 (alleging that Sysco "devised, implemented, and set the amount of the

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

'Fuel Surcharge' simply to increase its profits[.]"); *id* ¶ 21 (alleging that the "Fuel Surcharge" enables Sysco to recover "the same alleged costs twice from its consumers[,]" and that such practice constitutes "double dipping." ). Thus, plaintiff challenges the entire amount of the Fuel Surcharge.

23.    Based on these allegations, Plaintiff purports to allege (1) violations of California's Unfair Competition Law; (2) violations of California's False Advertising Law; and (3) unjust enrichment. *Id.* ¶¶ 25-44.

24.    Sysco disputes plaintiff's characterization of the "Fuel Surcharge," denies plaintiff's allegations and claims, denies class certification is appropriate, denies liability, and denies Plaintiff or any member of the putative class is entitled to any damages whatsoever. Without prejudice to Sysco's continued reservation of all defenses to liability, damages, and class certification in this action, Sysco has calculated (a) the amount of Fuel Surcharges, (b) paid to Sysco affiliates by all entities residing in California, (c) between July 2013 and May 2017. As detailed in the Declaration of William A. Mastrosimone, Market CFO for Sysco's Pacific Market, attached as **Composite Exhibit "C"** the total of these charges is at least **$17,708,974**. [2]

25.    CAFA's expanded jurisdiction applies to class actions comprised of 100 or more members. The removing defendant must prove by a preponderance of the evidence that CAFA's numerosity requirement is satisfied. *Coit v. Fidelity Assur. Assocs., LLC*, No. C 08-02585, 2008 WL 3286978, *4 (N.D. Cal. Aug. 6, 2008). In *Coit*, in holding that defendants failed to satisfy CAFA's numerosity requirement by a

---

[2] As further explained in the Declaration of Mastrosimone, the $17,708,974 figure reflects Fuel Surcharges paid during the period from July 2013 to May 2017 by entities residing in California to the Sysco affiliates that service California customers—Sysco Central California, Inc., Sysco Los Angeles, Inc., Sysco Riverside, Inc., Sysco Sacramento, Inc., Sysco San Diego, Inc., Sysco San Francisco, Inc., and Sysco Ventura, Inc. Sysco anticipates that this figure will increase once Sysco obtains information relating to Fuel Surcharges paid to the Sysco affiliates that service California customers for the period of May 2013 to July 2013.

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

preponderance of evidence, the court observed that defendants did not support their assertion that the putative class consisted of 106 members with any factual evidence or support, such as with "an attached declaration or document briefly summarizing why 106 individuals comprise the putative class." *Id.*

26.    Plaintiff alleges that the "number of putative members of the class exceeds 60 members" and "is so numerous that separate joinder of each member is impracticable." Compl. ¶¶ 12, 14. As set forth in the Declaration of Mastrosimone, Sysco affiliates have well over 100 customers that are California residents who paid the disputed "Fuel Surcharge" during the time period at issue.  *See* 28 U.S.C. § 1332(d)(5)(B).

27.    None of CAFA's discretionary or mandatory exceptions to jurisdiction apply here because, as discussed above, Sysco is a citizen of Delaware and Texas. *See* 28 U.S.C. §§ 1332(d)(3)-(d)(4).

28.    Accordingly, because the State Court Action is a putative class action with 100 or more class members, is between citizens of different states, and places more than $5,000,000 in controversy, removal is proper pursuant to 28 U.S.C. §§ 1332(d) and 1453.

WHEREFORE, defendant Sysco hereby removes the State Court Action from the San Diego County Superior Court.

Respectfully submitted.


Dated:  June 16, 2017

**AKERMAN LLP**


By_____*/s/ Mark Riera*_____
      MARK RIERA
      Attorneys for Defendant
      SYSCO CORPORATION

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AKERMAN LLP**

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2017, I electronically filed the foregoing DEFENDANT SYSCO CORPORATION'S NOTICE OF REMOVAL with the Clerk of the Court for the United States District Court, Southern District of California by using the CM/ECF system.  I caused the foregoing document to be served as follows:

**Via Court's CM/ECF system:**

Nicholas W. Armstrong, nick@pricearmstrong.com

Michael A. Licari, mlicari@dltslaw.com

*/s/ Mark Riera*